UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM EUGENE FIELDS,<br><br>                Plaintiff,<br>   v.<br><br>PIERCE COUNTY et al.,<br><br>                Defendants. | Case No. 3:22-cv-5527-JHC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JULY 14, 2023 |

This matter is before the Court on defendant Trinity Services Group, Inc.'s (Trinity) motion to dismiss (Dkt. 16) and defendant Pierce County's motion for judgment on the pleadings (Dkt. 18). Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge pursuant to *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976), 28 U.S.C. § 636(b)(1)(B), and Local Rule MJR 4(a)(4). For the reasons discussed herein, the Court recommends that this action be DISMISSED without prejudice.

Defendant Trinity Services Group Inc. filed a motion to dismiss pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(6), arguing that plaintiff failed to allege a policy of Trinity's that would subject it to liability under *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978), and that plaintiff's underlying factual allegations were insufficient because plaintiff only alleged a single instance of contaminated food. Dkt. 16.

Defendant Pierce County Jail filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) arguing that plaintiff failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff failed to plead sufficient factual allegations, plaintiff failed to name a proper defendant, and plaintiff failed to allege a policy of Pierce County for the purposes of *Monell* liability. Dkt. 18. Plaintiff did not respond to either motion; Trinity filed a reply arguing that the motion to dismiss should be granted in conformance with LCR 7(b)(2).

On April 20, 2023, the Court mailed plaintiff its order setting a new briefing schedule and directing defendants to file *Rand* notices. Dkt. 20. The order instructed plaintiff to file responses – to the pending motion to dismiss (Dkt. 16) and to the motion for judgment on the pleadings (Dkt. 18) – on or before May 18, 2022. The mailing was returned as undeliverable on April 21, 2023. Dkt. 22. On June 8, 2022, the Court ordered plaintiff to notify the Court of his current mailing address by June 20, 2023, in accordance with LCR 41(b)(2). Dkt. 24. Plaintiff has neither responded to the pending motions nor responded to the Court's order to show cause.

"Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rule (LCR) 7(b)(2). Before the Court grants a motion to dismiss on these grounds, it must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali v.*

*Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The public's interest in expeditious resolution, the Court's need to manage its docket, and the risk of prejudice to the defendants all weigh in favor of dismissal here. The Court's resources are limited and are best spent on cases with a strong chance of resulting in relief. Plaintiff's failure to respond to the motion to dismiss, the motion for judgment on the pleadings, and the order to show cause suggests a lack of interest in pressing his case or lack of belief in its merits. No less drastic sanction than dismissal appears to be available. Although the public policy favoring disposal of cases on their merits weighs in favor of reaching the merits of this case, the other four factors strongly favor dismissal under LCR 7(b)(2).

Although the Court construes pleadings liberally in favor of pro se litigants, those litigants are still bound by the rules of procedure. *Ghazali*, 46 F.3d at 54.  Because the factors in *Ghazali* weigh in favor of dismissal under LCR 7(b)(2) based on plaintiff's failure to respond to the motions to dismiss, the Court should dismiss plaintiff's 1983 civil rights action.

Accordingly, the undersigned recommends that the Court DISMISS plaintiff's action without prejudice for failure to prosecute. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

NOTED FOR JULY 14, 2023 - 3

1  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474
2  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations
3  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
4  directed to set the matter for consideration on July 14, 2023, as noted in the caption.

    Dated this 30th day of June, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge